[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16965
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 08-00021-CR-LGW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DREW L. PAQUIN,
a.k.a. Sam Jackson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 5, 2009)

Before EDMONDSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Drew L. Paquin appeals his 37-month sentence following his guilty plea to

one count of knowingly possessing images of child pornography that have been transported in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B). [1] Specifically, Pacquin argues that the sentencing enhancement, which applies to offenders found to possess "at least 10 images, but fewer than 150," U.S.S.G. § 2G2.2(b)(7)(A), should not have been applied, given his belief that he had taken reasonable steps to delete all but one child pornographic image from his computer prior to law enforcement involvement. After reviewing the relevant statutes, the record, and the briefs, we affirm.

Pacquin purchased memberships to several child pornography websites from which he admitted purchasing and downloading child pornography on four occasions. However, after Paquin's wife found child pornography on one of his floppy disks, which she destroyed, and on one of his computers, he attempted to delete the images from his computors. Several months thereafter, law enforcement authorities investigating child pornography websites obtained Pacquin's personal information and visited Pacquin's home. After receiving his consent, they searched his computers which turned up 132 images of child pornography in the unallocated file space. A search of a separate hard drive revealed one image of

---

[1] Our review of the district court's interpretation of the sentencing guidelines is de novo, and its factual findings are reviewed for clear error. United States v. Ellis, 419 F.3d 1189, 1192 (11th Cir. 2005).

child pornography that had not been deleted.

Pacquin pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).[2] He was sentenced to 37 months imprisonment, followed by a 40-year period of supervised release. Pacquin only disputes the two-level enhancement applied to his sentence, arguing that only one image should have been considered in calculating the applicable guideline range, as he had done everything short of physically destroying his computer to dispose of the other 132 images found.

The government responds by arguing that it is immaterial whether or not Pacquin took reasonable steps to dispose of the images, given his admission that he did in fact possess them at one time. The government notes that the district court is permitted to consider this admission in assessing Pacquin's relevant conduct for sentencing purposes. The government further argues that Pacquin had not fully disposed of the images as it was possible to retrieve them.

It is undisputed that Pacquin possessed 133 child pornographic images during the relevant time period. The record reflects that the court took into

---

[2] 18 U.S.C. § 2252A(a)(5)(B) prohibits "knowingly possess[ing], or knowingly access[ing] with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer."

consideration Paquin's efforts to delete the images and withdraw from the criminal conduct and elected to impose a sentence at the low end of the guideline range. Under the circumstances reflected in this record, we cannot say that the district court erred in interpreting the guidelines to require the enhancement.

**AFFIRMED**